IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WESLEY THOMPSON,<br><br>    Plaintiff,<br><br>v.<br><br>CHIEF MEDICAL DOCTOR,<br><br>    Defendant. | **MEMORANDUM DECISION<br>& ORDER TO CURE<br>DEFICIENT COMPLAINT**<br><br>Case No. 2:21-CV-53-JNP<br><br>District Judge Jill N. Parrish |

Plaintiff, Wesley Thompson, brings this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2021),[1] *in forma pauperis*, *see* 28 id. § 1915. Having now screened the Complaint, (ECF No. 2-1), under its statutory review function,[2] the Court orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing claims.

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2021).

[2] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2021).

# COMPLAINT'S DEFICIENCIES

Complaint:

**(a)** is not on form complaint required by Court.

**(b)** appears to be supplemented piecemeal with potential claims and information in documents filed after Complaint, which claims and information should be included in amended complaint, if filed, and will not be treated further by Court unless properly included.

**(c)** needs clarification regarding unnecessary-rigor cause of action under Utah Constitution. (See below.)

**(d)** does not adequately state claim of inadequate medical treatment. (See below.)

**(e)** needs clarification regarding what constitutes cause of action under American with Disabilities Act (ADA). (See below.)

**(f)** may not recognize Defendant's failure to follow promises or jail policy (e.g., regarding grievances) does not necessarily equal federal constitutional violation.

**(g)** has claims apparently related to current confinement; however, complaint apparently not drafted with contract attorneys' help.

# GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine

whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

(1) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may also not be added to after it is filed without moving for amendment.[3]

(2) The complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

---

[3] The rule on amending a pleading reads:
> (a) Amendments Before Trial.
>> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>>> (A) 21 days after serving it, or
>>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>> (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15.

Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(3) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.' *Id*.").

(4) Plaintiff may not name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(5) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(6) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2020). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

- **Unnecessary Rigor**

> Article I, § 9 of the Utah Constitution states in part, "[p]ersons arrested or imprisoned shall not be treated with unnecessary rigor."

4

> Although this clause "closely approximates the language of the Eighth Amendment," it has no federal counterpart. *Dexter v. Bosko*, 2008 UT 29, 184 P.3d 592, 595. The Utah Supreme Court has had "few opportunities to interpret or apply the unnecessary rigor." *Id.* Nonetheless, the Utah Supreme Court has held that the unnecessary rigor clause "'protects [prisoners and arrestees] against unnecessary abuse . . . that is 'needlessly harsh, degrading or dehumanizing.'" *Id. at 595* (quoting *Bott v. Deland*, 922 P.2d 732, 737 (Utah 1996)). To state a claim for a violation of the unnecessary rigor clause, the violation "'must arise from 'treatment that is clearly excessive or deficient and unjustified, not merely the frustrations, inconveniences, and irritations that are common to prison life.'" *Id*. at 597 (quoting *Bott*, 922 P.2d at 741). When the claim of unnecessary rigor arises from an injury, a constitutional violation is made out only when the act complained of presented a substantial risk of serious injury for which there was no reasonable justification at the time. *Id*. (quoting *Bott*, 922 P.2d at 741). The conduct at issue, moreover, "must be more than negligent to be actionable." *Id.*
>
> In addition to these requirements, a plaintiff must also establish three elements to support an unnecessary rigor claim: (1) "A flagrant violation of his or her constitutional rights;" (2) "Existing remedies do not redress his or her injuries;" and, (3) "Equitable relief, such as an injunction, was and is wholly inadequate to protect the plaintiff's rights or redress his or her injuries." *Id*. at 597-98 (quoting *Spackman v. Bd. of Educ*., 2000 UT 87, 16 P.3d 533, 538-39 (Utah 2000)).
>
> . . . [However, Plaintiff's] § 1983 claims likely serve as existing remedies that redress his injuries[, mooting the need to also bring an unnecessary rigor claim]."

*Asay v. Daggett County*, No. 2:18-CV-422, 2019 U.S. Dist. LEXIS 5794, at * (D. Utah Jan. 11, 2019).

- **Inadequate Medical Treatment**

The Eighth Amendment's ban on cruel and unusual punishment requires prison officials to "provide humane conditions of confinement" including "adequate . . . medical care." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310

5

(10th Cir. 1998)). To state a cognizable claim under the Eighth Amendment for failure to provide proper medical care, "a prisoner must allege acts or omissions *sufficiently harmful* to evidence deliberate indifference to serious medical needs." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (emphasis in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Any Eighth Amendment claim must be evaluated under objective and subjective prongs: (1) "Was the deprivation sufficiently serious?" And, if so, (2) "Did the officials act with a sufficiently culpable state of mind?" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Under the objective prong, a medical need is "sufficiently serious . . .if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (citations & quotation marks omitted).

The subjective component requires the plaintiff to show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the risk "by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." *Sparks v. Singh*, 690 F. App'x 598, 604 (10th Cir. 2017) (unpublished) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)). Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corrs.,* 165 F.3d 803, 811 10th Cir. 1999); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.").

- **ADA**

Plaintiff should also consider this information in amending his complaint:

> To state a failure-to-accommodate claim under [ADA], [Plaintiff] must show: (1) he is a qualified individual with a disability; (2) he was "either excluded from participation in or denied the benefits of some public entity's services, programs, or activities"; (3) such exclusion or denial was by reason of his disability; and (4) [Weber County] knew he was disabled and required an accommodation.

*Ingram v. Clements*, 705 F. App'x 721, 725 (10th Cir. 2017) (quoting *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295, 1299 (10th Cir. 2016)). Further,

> "Courts have recognized three ways to establish a discrimination claim: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *J.V.*, 813 F.3d at 1295. "The ADA requires more than physical access to public entities: it requires public entities to provide '*meaningful* access' to their programs and services." *Robertson v. Las Animas County Sheriff's Dep't*, 500 F.3d 1185, 1195 (10th Cir. 2007). To effectuate this mandate, "the regulations require public entities to 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability.'" *Id.* (quoting 28 C.F.R. § 35.130(b)(7)).

*Villa v. Dep't of Corrs.*, 664 Fed. App'x 731, 734 (10th Cir. 2016).

**ORDER**

**IT IS HEREBY ORDERED** that:

(1)     Plaintiff must within thirty days cure the Complaint's deficiencies noted above by filing a document entitled, "Amended Complaint."

(2)     The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use if Plaintiff wishes to pursue an amended complaint.

(3)     If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4)     Defendant's motion to quash service of Complaint is GRANTED. (ECF No. 5.)

(5)     Plaintiff's motions "for Misjoinder and Nonjoinder of Parties" and service of process are DENIED. (ECF Nos. 6, 8.) Plaintiff should correct his named defendants in his amended complaint; and there is no valid complaint on file at this time for service of process.

DATED June 23, 2021.

BY THE COURT:

JUDGE JILL N. PARRISH
United States District Court